762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES BATES, PLAINTIFF-APPELLANT,
v.
HEALTH AND HUMAN SERVICES, RICHARD SCHWEIKER, SECRETARY,
DEFENDANT-APPELLEE.
 NO. 83-5953
 United States Court of Appeals, Sixth Circuit.
 3/4/85
 
 On Appeal from the United States District Court for the Eastern District of Tennessee
 Before: ENGEL and KEITH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles Bates appeals the denial of his request for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d), filed in the United States District Court for the Eastern District of Tennessee. Bates claims that the position taken by the government in his successful action to reverse the Secretary's denial of Social Security disability benefits was not substantially justified.
 
 
 2
 Bates is a 52 year old man with an eighth grade education. Before 1974 he worked as a machine manufacturer, sander, sawmill worker, and woolen mill worker. In 1973 Bates had a heart attack, and since then he has suffered from a variety of heart and lung problems, diagnosed as congestive heart failure and desquamative interstitial pneumontis.
 
 
 3
 In 1974 Bates applied for and was awarded disability benefits under the Social Security Act. On May 27, 1981, Bates was notified that his benefits were being terminated. He requested a reconsideration of the termination. After a hearing, an administrative law judge (ALJ) found that Bates had regained the ability to do his past relevant work and, therefore, was not disabled. The ALJ's decision was approved by the Appeals Council. On November 4, 1982, Bates filed a complaint in the United States District Court for the Eastern District of Tennessee seeking review of the Secretary's denial of benefits.
 
 
 4
 In a decision dated June 29, 1983, Judge Milburn found that there was no substantial evidence in the record to support the ALJ's finding of no disability. The court granted Bates' motion for judgment on the pleadings, reversing the Secretary's decision and awarding benefits.
 
 
 5
 On July 27, 1983, Bates filed a motion for award of a reasonable attorney's fee pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d). In a carefully reasoned opinion, Judge Milburn denied the motion on October 26, 1983, finding that although the government's decision to terminate benefits was not supported by substantial evidence, its position to defend the Secretary's ruling was substantially justified within the meaning of section 2412(d). Bates here appeals this denial of his motion for fees.
 
 
 6
 Bates claims that in this litigation and in making her decision, the Secretary relied solely on the testimony of a doctor who had only examined Bates once, at the Secretary's request. Bates asserts that the Secretary's reliance on this evidence was not substantially justified in view of the testimony of Bates' three treating physicians who believed that he was totally disabled.
 
 
 7
 For the reasons set forth in the memorandum opinion of then United States District Judge H. Ted Milburn filed in the district court on October 26, 1983, the judgment of the district court is AFFIRMED.